IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LG ELECTRONICS, INC.,

    Plaintiff and
    Counterclaim Defendant,

  v.

Q-LITY COMPUTER INC., QUANTA COMPUTER
INC., and QUANTA COMPUTER USA INC.,

    Defendants and
    Counterclaimants.
                              /

No. C 01-2187 CW

ORDER REGARDING
COURT-APPOINTED
EXPERT AND
STAYING CASE

    The parties have submitted a joint case management statement regarding the grant of certiorari in this case by the United States Supreme Court. The parties agree that this case should be stayed pending the Supreme Court's decision. Recognizing efficiency concerns and the parties' agreement that the Supreme Court's decision will not resolve all issues in this case, the parties agree to allow some discovery that is already underway to be

completed despite the stay.

Accordingly and good cause appearing therefor, the Court orders:

1. This case shall be stayed pending the resolution of Defendants' pending appeal before the Supreme Court, except for specific discovery-related matters as outlined below.

2. The parties may continue to complete discovery that is already underway to the extent that they agree is appropriate.

3. The hearing on Defendants' motion for summary judgment scheduled for October 11, 2007, the pretrial conference scheduled for December 21, 2007 and the trial scheduled to begin on January 22, 2008 are vacated.

4. A twenty-four day jury trial shall be scheduled to begin on November 12, 2008.

5. Within one week of the Supreme Court's decision in this case, the parties shall file a joint case management conference statement and the Court will schedule a case management conference to address hearing or re-briefing the motion for summary judgment and the scope of the trial. A further case management conference shall be held on July 29, 2008 at 2:00 pm if it has not otherwise been held.

6. While the case is stayed, the parties shall proceed with the following procedure for selecting and obtaining the opinion of a Court-appointed expert based in part on their supplemental joint proposal for selecting a Court-appointed expert:

By October 25, 2007 Plaintiff and Defendants shall each identify to the other up to three individuals who are acceptable to

2

them to serve as the Court-appointed expert, along with a curriculum vitae and an indication of area of expertise. The parties shall meet and confer in an attempt to identify a joint proposed expert for the Court's consideration.

On or before November 15, 2007 the parties shall submit the name of the jointly proposed expert. If the parties still believe that they will need more than one expert, they may submit the name of more than one expert and no more than five pages of joint argument in support of their need for more than one expert. In the event the parties cannot agree on a nominee, the parties will submit their respective nominations to the Court on November 15, 2007 along with whatever objections they have regarding nominations made by the opposing party. Each party's submission of nominations and objections and reasons therefore shall not exceed five pages. The Court will then issue an order identifying the expert and outlining his or her duties.

The Court-appointed expert shall serve as a neutral, independent expert on behalf of the Court on the technology at issue in this case. His or her duties shall be to provide expert analysis and opinions as to the technical issues in this case, including issues concerning infringement and validity of the asserted claims of the patents-in-suit.

Within five days of appointment, the parties shall provide the expert with various materials to use as resources when forming his or her opinions. These materials will be provided in organized binders that are labeled and tabbed and shall include the patents-in-suit, the prosecution histories of the patents-in-suit,

3

the Court's claim construction order, the parties' infringement and invalidity contentions, the Federal Circuit decision, <u>LG Elecs., Inc. v. Bizcom Elecs., Inc.</u>, 453 F.3d 1364 (Fed. Cir. 2006), the parties' initial technical expert reports and the deposition transcripts of the parties' respective technical experts.  The parties shall also provide the Court-appointed expert with copies of the parties' supplemental expert reports, and technical experts' deposition transcripts.

The Court-appointed expert may request in writing with notice to all parties any information or documentation referenced in the documents provided, which the appropriate party shall provide. Additional materials will be made available to the Court-appointed expert by the parties as requested by him or her.

The Court-appointed expert may give these materials as much weight and consideration as he or she believes in his or professional judgment is required.  Some of the materials, such as the parties' summary judgment briefs, may be helpful to consider because they frame the parties' key contentions, but they may also contain attorney arguments and discussions on unrelated legal matters that are not relevant.  Some of these materials may also mention other patents or parties that are no longer at issue in this case.  Although the Court-appointed expert may look to the expert reports from the parties' experts to provide guidance as to what the experts and the parties believe are the key issues to be addressed in this case, it is not the Court-appointed expert's role to critique the parties' experts.  The Court-appointed expert's opinions are to be his or her own independent opinions.

The Court-appointed expert will not be required to provide a detailed analysis of patent law.  The basic law regarding the task will be set out in the order appointing the expert.  In addition, the Court-appointed expert will have the opportunity to ask questions, as described below, in the event that a patent law question comes up that has not been addressed.

After appointment, all written correspondence between any one or more parties or the Court and the Court-appointed expert shall be served upon all parties.  Each party and the Court may meet with the Court-appointed expert, in person, telephonically, or otherwise, without all parties being present, although each party is entitled to have a representative participate in all oral or in-person communications with the Court-appointed expert and must be given reasonable notice and opportunity to participate before the Court or the other parties can proceed to communicate with the Court-appointed expert.

The Court-appointed expert may contact the Court, by calling its clerk at (510) 637-3542, if questions come up or if he or she encounters difficulty in accomplishing the assigned tasks.  The clerk will arrange a conference call with the attorneys.  The Court-appointed expert may also contact the Court by letter, with a copy to the parties, or by emailing the clerk with a copy to the parties.  The clerk's email address is sheilah_cahill@cand.uscourts.gov.  In addition, the Court-appointed expert may contact the parties directly, by using the e-mail addresses that they will provide to him or her, if he or she needs additional documents or other information.  The Court-appointed

5

expert, however, shall not contact only one party, as it is important that both sides be given the chance to communicate with him or her jointly if needed.  The parties will set up a conference call if necessary.

The Court-appointed expert shall prepare and serve on all parties a written expert report containing a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  The Court expects that it will seek to have the expert submit his or her report in approximately May, 2008.

After the service of the written expert report, the parties may depose the Court-appointed expert.  Each party may depose the Court-appointed expert for ten hours.  Such depositions shall be concluded within three weeks of the date the Court-appointed expert's report is filed.

After the conclusion of discovery with respect to the Court-appointed expert, the parties may serve supplemental expert reports from their own respective experts responsive to the report and testimony of the Court-appointed expert.  Any such report is to be limited in scope to issues first raised by the Court-appointed

6

expert.  Any such reports shall be filed and served within four weeks of the date the Court-appointed expert's report is filed. After the service of supplemental expert reports, if any, the parties may depose any opposing experts that submitted a supplemental expert report within two weeks of the service of those reports.

The Court-appointed expert witness will be called to testify at trial by the Court after the close of both parties' cases in chief and will be subject to cross-examination by each party.  The fact that the Court appointed the expert witness will be disclosed to the jury, and special jury instructions will be given related to the weight to be given to the Court-appointed expert's testimony. The Court and the parties will attempt to accommodate the Court-appointed expert's schedule and to give him or her as much advance notice as possible as to what day (or days) he or she will be needed to testify.  Trials are complex matters, however, involving many witnesses, so flexibility may be required.

Reasonable compensation of the Court-appointed expert and reimbursement for all reasonable expenses incurred in connection with this work, such as travel, copying, telephone, postage and courier costs shall be paid equally by the parties.  The Court-appointed expert shall submit to the parties monthly statements specifying the number of hours spent and a brief description of the projects worked on.  Before the Court-appointed expert begins work, the parties shall each deposit, and maintain, a $20,000 retainer in their attorneys' trust accounts from which the expert will be paid within thirty days of each bill.  The Court-appointed expert shall

be responsible for any tax obligations arising from this payment.

IT IS SO ORDERED.

Dated: 10/1/07

_____
CLAUDIA WILKEN
United States District Judge