IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LG ELECTRONICS, INC.,<br><br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>  v.<br><br>Q-LITY COMPUTER INC., QUANTA COMPUTER INC., and QUANTA COMPUTER USA INC.,<br><br>    Defendants and<br>    Counterclaimants.<br>_____/ | No. C 01-2187 CW<br><br>DUTIES AND INSTRUCTIONS FOR COURT-APPOINTED EXPERT DR. DOUGLAS BURGER |

If Dr. Douglas Burger consents, the Court will appoint him as its expert witness. <u>See</u> Fed. R. Evid. 706.  As the Court-appointed expert, Dr. Burger shall serve as a neutral, independent expert on behalf of the Court on the technology at issue in this case.  His duties shall be to provide expert analysis and opinions as to the technical issues in this case, including issues concerning infringement and validity of the asserted claims of U.S. Patent

Nos. 4,939,641, 5,077,733 and 5,379,379 (the '641, '733 and '379 patents). Specifically, he will be asked whether claims 1 and 14 of the '641 patent, claims 15-17 of the '733 patent and claims 1 and 7 of the '379 patent are infringed literally or under the doctrine of equivalents by the accused products of Defendants[1] and whether claims 1 and 14 of the '641 patent and claims 15-17 of the '733 patent are invalid for reasons related to technology.

Dr. Burger shall have various materials to use as resources when forming his opinions. These materials will be provided in organized binders that are labeled and tabbed and shall include the patents-in-suit, the prosecution histories of the patents-in-suit, the Court's claim construction order, the parties' infringement and invalidity contentions, the Federal Circuit decision, <u>LG Elecs., Inc. v. Bizcom Elecs., Inc.</u>, 453 F.3d 1364 (Fed. Cir. 2006), the parties' technical expert reports and the deposition transcripts of the parties' respective technical experts. The parties shall also provide the Court-appointed expert with copies of the parties' supplemental expert reports, and technical experts' deposition transcripts.

Dr. Burger may request in writing with notice to all parties any information or documentation referenced in the documents provided, which the appropriate party shall provide. Additional materials will be made available to the Court-appointed expert by the parties as requested.

---

[1] Plaintiff does not argue that claims 15-17 of the '733 patent are infringed under the doctrine of equivalents. Therefore Dr. Burger need only address literal infringement for those claims.

2

Dr. Burger may give these materials as much weight and consideration as he believes in his professional judgment is required. Some of the materials, such as the parties' summary judgment briefs, may be helpful to consider because they frame the parties' key contentions, but they may also contain attorney arguments and discussions on unrelated legal matters that are not relevant. Some of these materials may also mention other patents that are no longer at issue in this case.

One of the binders that Dr. Burger will be given will be labeled "LGE's Infringement Contentions/Quanta's Invalidity Contentions." This binder will contain charts setting out certain disclosures the parties must make under the local rules that govern all patent cases in this district. LGE's charts contain its infringement contentions, setting out the patents' asserted claims and, on an element-by-element basis, its theory as to why those elements are found in Defendants' accused products. Similarly, the Quanta Defendants' charts contain their invalidity contentions, setting out the patents' asserted claims and their theories as to why those elements are invalid.

In addition, the parties will provide Dr. Burger with expert reports from their experts, which address all of the issues for which opinions from Dr. Burger will be required. Among other things, Dr. Burger may look to these reports to provide guidance as to what the experts and the parties believe are the key issues to be addressed in this case. However, it is not his role to critique the parties' experts. His opinions are to be his own independent opinions.

3

As Dr. Burger will see from the parties' expert witness reports, there are some basic rules under patent law that he should follow, including the requirement that he must follow prior court orders interpreting the meaning of certain patent claim terms. He is not required to provide a detailed analysis of patent law. The basic law regarding the task will be set out in these instructions, and can also be seen in the expert reports. If Dr. Burger requires further guidance regarding patent law terminology, or the relevant legal standards, this Court can provide him with a copy of the model jury instructions for patent cases here in the Northern District of California. In addition, he will have the opportunity to ask questions, as described below, in the event that a patent law issue comes up that was not addressed by these materials.

Dr. Burger may be asked to provide a basic tutorial to this Court and the jury on the underlying technology at issue in this case.

In addition, as noted above, Dr. Burger will need to offer his opinion on infringement by determining whether each and every element of the asserted claims can be found in Defendants' accused products. As noted, LGE's infringement contention charts set out its infringement theory on an element-by-element basis. Similarly, the parties' expert reports track this element-by-element analysis, including Defendants' response to LGE's infringement claims. Dr. Burger should conduct his own independent analysis in the same manner as has been done by the parties in this case. The parties will provide him with blank versions of these claim charts in electronic format for his convenience.

4

As noted above, Dr. Burger will also need to offer an opinion on patent invalidity. Dr. Burger should conduct his own independent analysis on invalidity in the same manner as has been done by the parties in this case.

After reviewing the materials provided, and conducting his own independent analysis, Dr. Burger will prepare an expert report, containing a statement of his opinions and the reasons for his opinions. Dr. Burger may want to attach the above-referenced claim chart that he may create as an exhibit to his report. The Court and parties are looking for a basic statement of Dr. Burger's opinions in this case. Although he may look to other expert reports for guidance as to formatting and standard content, no specific format is required. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. The report should be served on the parties by May 30, 2008.

Following submission of Dr. Burger's expert report, the parties may ask him to appear for a deposition at a time and location that is convenient. At the deposition, the parties can ask him questions and he will be given the opportunity to explain

5

his opinions in greater detail prior to his testimony at trial. Each party may depose Dr. Burger for ten hours.

Lastly, Dr. Burger will need to testify at trial on his opinions. The trial is currently scheduled to begin on November 12, 2008 and may continue into the middle of December. The Court expects that Dr. Burger will be called to testify on the first or second day of trial and on the last day or days of trial. The Court and the parties will attempt to accommodate Dr. Burger's schedule and to give him as much advance notice as possible as to the days he will be needed to testify. Trials are complex matters, however, involving many witnesses, so flexibility will be required. The parties will pay for all of Dr. Burger's reasonable hotel and travel expenses.

Dr. Burger may contact the Court, by calling its clerk at (510) 637-3542, if questions come up or if he encounters difficulty in accomplishing his assigned tasks. The clerk will arrange a conference call with the attorneys. He may also contact the Court by letter, with a carbon copy to the parties, or by emailing the clerk and "cc"-ing the parties. The clerk's email address is sheilah_cahill@cand.uscourts.gov. In addition, Dr. Burger may contact the parties directly, by using the e-mail addresses that they will provide to him, if he needs additional documents or other information. Dr. Burger, however, shall not contact only one party, as it is important that both sides be given the chance to communicate with him jointly if needed. The parties will set up a conference call if necessary.

Subject to his agreement to do so, the parties will retain Dr.

6

Burger. LGE shall pay for half of Dr. Burger's fees and expenses; the Quanta Defendants shall pay for the other half. Each side will deposit a retainer of $20,000 in the Morgan, Lewis & Bockius and Paul, Hastings, Janofsky & Walker trust accounts respectively, which Dr. Burger may bill at his hourly rate or at an agreed rate commensurate with the rates paid to the parties' expert witnesses. Dr. Burger will also bill his expenses. The retainer will be replenished when nearly depleted in $20,000 increments.

IT IS SO ORDERED.

Dated: 12/6/07

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LG ELECTONICS INC.,

        Plaintiff,

  v.

Q-LITY COMPUTER INC. et al,

        Defendant.

Case Number: CV01-02187 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 6, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Douglas C. Burger
1 University Station, #C0500
Dept. of Computer Sciences
The University of Texas
Austin, TX  78712-0233

Dated: December 6, 2007

                                      Richard W. Wieking, Clerk
                                      By: Sheilah Cahill, Deputy Clerk

8